UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KARL CHRISTOPHER WRIGHT, III,

                        Plaintiff,

        v.                                          Case No. 17-cv-64-pp

OFFICER BRITO AND
J. RAMSEY GUY,

                        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND
SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

        The plaintiff, who is representing himself, was confined at the

Milwaukee County Jail when he filed the complaint. Dkt. No. 1. He alleges that

the defendants violated his constitutional rights. Id. This order resolves the

plaintiff's motion for leave to proceed without prepayment of the filing fee and

screens the plaintiff's complaint.

**I.      Motion for Leave to Proceed Without Prepaying the Filing Fee**

        The Prison Litigation Reform Act applies to this case because the plaintiff

was in custody when he filed the complaint. 28 U.S.C. §1915. The law allows a

court to let a prisoner proceed with his lawsuit without pre-paying the civil

case filing fee, as long as he meets certain conditions. Id. One of those

conditions is a requirement that the plaintiff pay an initial partial filing fee. 28

U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, if he still is

1

a prisoner, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 27, 2017, the court assessed an initial partial filing fee of $9.53. Dkt. No. 7. The plaintiff paid that amount on February 13, 2017. The plaintiff, however, is no longer a prisoner, so the court cannot allow him to pay the remainder of the filing fee out of his prisoner account. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will direct the plaintiff to pay the remaining balance of the filing fee as described at the end of this order.

## II.     Screening the Complaint

### A.     Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Labels and conclusions," however, or a "formulaic recitation of the elements of a cause of action" will not do. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. Indeed, allegations must "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." <u>Iqbal</u>, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in <u>Twombly</u> to determine whether a complaint states a claim. <u>Id.</u> at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. <u>Id.</u> Legal conclusions not supported by facts "are not entitled to the assumption of truth." <u>Id.</u> Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." <u>Id.</u> The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

B.    <u>Facts Alleged in the Complaint</u>

The plaintiff alleges that he was confined at the Milwaukee County Jail from May 2016 through August 2016. Dkt. No. 1 at 2. He sues Officer Brito and Officer J. Ramsey Guy, who worked at the jail at that time. <u>Id.</u> at 1.

The plaintiff alleges that between the dates of May 4 and May 17, 2016, during first shift, the defendants beat and sodomized him in his cell. Id. He indicates that because of his emotional state, he cannot recall the exact date, but indicates that on the same day the incident happened, he reported it to two lieutenants and filed a written grievance. Id. at 2. He also indicates that he yelled to a nurse outside his cell what had happened, and that a doctor witnessed him doing so. Id.

For relief, the plaintiff seeks monetary damages, and asks that criminal charges be brought against the two officers.

C.   Discussion

It appears that the plaintiff was a pretrial detainee at the time of the events he describes. His allegations appear to raise a claim that the defendants used excessive force against him; courts review a pretrial detainee's excessive force claim under the Fourteenth Amendment's due process clause. Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2475 (2015) (citations omitted). To prove an excessive force claim, a pretrial detainee must show that the defendants purposefully or knowingly used force against him, and that that force was objectively unreasonable. Id. at 2472-73. At this early stage in the case, the plaintiff's allegations are sufficient for the court to allow him to proceed on an excessive force claim against Brito and Guy.

III.  **Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Dkt. No. 2.

The court **ORDERS** that the plaintiff shall submit the balance of the filing fee ($330.92) to the Clerk of Court. The plaintiff shall clearly identify the payment by the case name and number.

The court **ORDERS** that under the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent to Milwaukee County for service on defendants Brito and Guy.

The court also **ORDERS** that, under the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk will electronically scan and enter on the docket each document upon receipt, the plaintiff need not mail copies to the defendants. All defendants will be served

electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to timely file pleadings and other documents may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 7th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**