UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KARL CHRISTOPHER WRIGHT, III,

           Plaintiff,

v.                                           Case No. 17-cv-64-pp

RAFAEL BRITO, and
JAMES RAMSEY-GUY,

           Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ADD MILWAUKEE COUNTY JAIL AS DEFENDANT, MOTION FOR CONSOLIDATION OR JOINT TRIAL OF CASES PENDING IN SAME COUNTY, MOTION FOR JUDGMENT OF CLAIM, MOTION FOR EARLY NEUTRAL EXAMINATION AND MOTION FOR STATEMENTS (DKT. NO. 15)**

---

       This court screened the plaintiff's complaint, permitting him to proceed on his excessive force claim against the defendants. Dkt. No. 12. On August 18, 2017, the court received a motion from the plaintiff, seeking various orders and forms of relief from the court. Dkt. No. 15. The court denies the plaintiff's motion.

       First, the plaintiff asks leave to amend his complaint by adding the Milwaukee County Jail as a defendant, indicating that he was housed there when the alleged excessive force incident occurred. Id. at 1-2. Section 1983 of Title 42 permits a prisoner to bring a civil rights suit against a "person." See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). A county jail is not a "person," and is not subject to suit under §1983. See Gambrell v. Brown Cty. Jail Health Servs., 2015 WL 6873229, at *2 (E.D. Wi. Nov. 9, 2015) (citing

Whiting v. Marathon Cty. Sherriff's Dep't, 538 F.3d 763, 778 (7th Cir. 2008)) (holding that county jail is neither a "suable entit[y] under §1983" nor a "legal entit[y] separate from the county government and therefore not subject to suit"). The court denies the plaintiff's request to amend his complaint to add the Milwaukee County Jail as a defendant.

Second, the plaintiff asks the court to consolidate this case with other cases pending in the "same county." Dkt. No. 15 at 2. The plaintiff did not explain which cases he wished the court to consolidate. He does not have any other cases pending in federal court for the Eastern District of Wisconsin. The plaintiff refers to a *state* statute—Wis. Stat. §805.05(1)(a)—in support of this motion, and he uses the word "county" in his request to consolidate; the court concludes from this that the plaintiff might be asking this court to consolidate his *federal* civil rights case with cases pending in state circuit courts.[1] A federal court cannot consolidate a federal case with state court cases unless the state court case is "removed" to federal court under 28 U.S.C. §1441, and only civil cases may be removed from state court to federal court. The court denies the plaintiff's request to consolidate this action.

Third, citing Wis. Stat. §806.03, the plaintiff asks for a "Motion for Judgmen[t] of Claim." Dkt. No. 15 at 3. Wis. Stat. §806.03 is a state statute that governs how state courts should enter judgment in state civil contract cases. The plaintiff has no contract claim before this court, and Wis. Stat.

---

[1] The court briefly searched the state's web site, https://wcca.wicourts.gov. It indicates that the plaintiff has had some cases in Milwaukee County Circuit Court in the past, but it appears that all of those cases are closed.

§806.03 does not apply here. To the extent that the plaintiff is trying to ask the court to enter default judgment against the defendants, the court will deny that request. Under Fed. R. Civ. P. 55(a), a court may grant default judgment only when the other side fails to plea or otherwise defend the lawsuit. Here, the defendants timely answered the plaintiff's complaint. Dkt. No. 23. The court denies plaintiff's third request for relief.

Fourth, the plaintiff asks the court for an "early neutral examination." Dkt. No. 15 at 3. He says that he makes this request to "settle an agreement with defendants because of time consumption and not wanting to keep re-living the incident." Id. Based on this, the court believes that what the plaintiff meant to request was an early neutral *evaluation*, which is a form of alternative dispute resolution. In early neutral evaluation, the parties tell their stories to a neutral evaluator, who reviews the stories and then gives each party an evaluation of the strength of its case. Early neutral evaluation—or mediation, or some other form of alternative dispute resolution—may be helpful in this case, and if *both* parties are interested, the court is happy to facilitate that process by referring the case to an evaluator or mediator. But the court orders alternative dispute resolution only if both parties request it. In this case, the defendants filed their answer only eleven days ago. If, once they have become familiar with the allegations in the lawsuit, the defendants tell the court that they, too, wish to engage in some form of alternative dispute resolution, the court will refer the case to a facilitator.

Fifth, and finally, the plaintiff has asked for various documents and items of discovery. Id. The court's August 7, 2017 screening order specifically ordered that the parties could not begin discovery until after the court entered a scheduling order. Dkt. No. 12 at 5. Along with this order, the court is issuing a scheduling order that sets out the deadlines for discovery. The plaintiff may serve his discovery requests directly on the defendants under the schedule set out in that order.

The court **DENIES** the plaintiff's motion seeking various orders and forms of relief, received by the court on August 18, 2017. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 17th day of October, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**